Barnsback v. Dewey.

## JULIUS A. BARNSBACK
### v.
## GEORGE A. DEWEY.

1. APPOINTMENT OF GUARDIAN.—By our statute it is only in the that a minor is a non-resident of the State that the element of an estate or property is essential to give jurisdiction to a court to appoint a guardian.

2. SAME.—Where it was evident from a will that the primary object of the testatrix was the suitable maintenance and education of her niece, a minor, and that it was her intention that the endowment of a high school should be subordinated to that object and there was an inclination on the part of the trustees of the fund to subordinate the welfare of the child to that of the proposed high school. Held, that it was fitting a guardian should be appointed to protect the child's interest, but it was error to appoint one of said trustees as such guardian.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed October 10, 1883.

Messrs. IRWIN & SPRINGER, for appellant.

Messrs. HAPPY & TRAVOUS, for appellee; that courts will not appoint a guardian for a child having no property, cited Wellesly v. Duke of Beauford, 2 Russ. 20; Story's Eq. Juris. § 1338.

A guardian could get none of the funds bequeathed in the

will for the support and education of the child: Capps v. Hickman, 97 Ill. 429.

BAKER, J. At the October term, 1882, of the County Court of Madison county, application was made by appellant for the appointment of a guardian for Georgia Belle Dewey, a minor, nine years of age, resident in said county, and proceedings were had thereon that resulted in the appointment of Frank A. Sabin as such guardian. From the order of the county court making such appointment, an appeal was taken to the circuit court where that order was annulled and set aside and the proceedings dismissed at the cost of the petitioner, the now appellant.

The mother of the minor has been dead for some years, and her father is an inmate of an asylum in Missouri, and it is conceded on both sides that he is not competent to transact his own business and is not a fit person to have the custody of the minor or the care of her education. The child is now living with Mrs. Fry, a cousin of her deceased mother, with whom several of the brothers and sisters of the child also reside.

The point is made by appellee, that courts will not appoint a guardian for a child having no property, and authorities to that effect are cited. Waiving these authorities and all inquiry otherwise as to this jurisdiction, it is sufficient to say, our statute has in express terms conferred the power upon county courts to appoint guardians to minors who are residents or inhabitants of the county whenever it shall appear necessary or convenient, and that by the statute it is only in the event the minor is a non-resident of the State that the element of an estate or property is essential to give jurisdiction to make such appointment. R. S., Chap. 64, Sec. 2.

Even if the law in this State was as is claimed, yet it is an admitted fact in this case that the minor is the absolute owner, under the will of her deceased aunt, of a piano and set of furniture; and we presume no particular value of property vested in the child would be indispensable to the jurisdiction.

By the will of Angeline McCray Dewey, the deceased aunt

Barnsback v. Dewey.

of Georgia Belle Dewey, quite a considerable amount of prop-
erty, both real and personal, was devised and bequeathed to
five trustees named therein, with directions that the income
of the real estate, the proceeds of the personal property and
the money on hand at her decease, should be invested as pro-
vided for in the will; and that the interest and income of the
investments should be appropriated and used by the trustees,
first, for the suitable maintenance, education and support of
Georgia Belle Dewey until she should arrive at the age of
twenty-one years, etc.; second, for the maintenance and sup-
port, in certain contingencies, of Catharine McCray; and
third, all the remaining portion of the income to be applied
to the erection and maintenance of a high school upon real
estate of testatrix within or adjacent to the town of Troy.

It is evident from the will that the primary object the tes-
tatrix had in view, was the suitable maintenance, education
and support of her niece, and that it was her intention the con-
struction and endowment of the high school should be sub-
ordinated to that object. Without discussing the details of the
quite voluminous testimony contained in the record before us,
suffice it to say we have carefully examined it all, and find
therein indications of an intention or inclination on the part
of the trustees to subordinate the welfare of the child to that
of the proposed high school. It is evident they deem the
speedy establishment of the school provided for in the will as
obligatory upon them; and there is at least danger that hav-
ing that end in view, and having a laudable pride and personal
interest in that behalf, they will make the welfare of this child
a secondary object and thus defeat at least in part that which
it is manifest was the real intent of the donor. Of course the
jurisdiction is in the court of chancery and in that alone to su-
pervise the administration of the trust, and that court may in
certain contingencies take charge both of the fund and con-
duct of the trustees. True, the equity court is open to the
child and will interfere, should such intervention become
necessary.

But then the court must first, in some appropriate way and
by some proper person, be called upon to act, before it will

assume jurisdiction even should the circumstances become such as to call for its interference. This infant is not regarded as capable of protecting her own interest. Her mother is dead and her father is not a competent or fit person to act in her behalf. It is at least doubtful whether any relative or friend would, should proper occasion arise, assume the responsibility, trouble and expense of interfering for the preservation of her rights.

In any event it would be much better this matter were not left to a mere volunteer; and that a personal and official duty and responsibility were imposed upon some proper person. We think, then, the determination of the county court, that it was both necessary and convenient that a guardian should be appointed for said minor, was right and proper. But it was inexpedient and contrary to the principles and policy of the common law, that one of the five trustees having in charge the fund upon the income of which the maintenance and education was a primary charge, and who might have interests and predelictions in conflict with that which would be for the welfare of the child, should be such guardian. There should be no temptation or even suspicion of temptation for the guardian to abuse his trust. 1 Cooley's Black. 2d Ed. 461. Quite a considerable fund is in the hands of these trustees under the will of the testatrix and the income derived therefrom is by no means insignificant.

By the will the claim of this infant is a preferred one, and the provision made by the trustees for her maintenance, education and support should be suitable and liberal. A guardian should be appointed who is neither one of these trustees nor under their influence; who would act with an eye single to the interests of his ward, and who would be of such character and business qualifications as would afford assurance the rights of that ward under the will of the deceased aunt would be fully secured to her.

We are of opinion the action of the circuit court in annulling and setting aside the order of the county court appointing Frank A. Sabin, one of the trustees, guardian of Georgia Belle Dewey was entirely proper, but we think it was error to

St. L. & C. R. R. Co. v. Carroll.

dismiss the whole proceedings instituted for the appointment of a guardian.

The judgment of the circuit court is reversed, and the cause is remanded to that court with instructions to enter an order setting aside the order of the county court appointing Sabin as guardian, and remanding the proceedings to the County Court of Madison county, with directions to appoint some proper and suitable person such guardian; and it is ordered that each of the parties to this controversy pay one half of the costs of this court.

Reversed and remanded.